

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
PHILADELPHIA REGIONAL OFFICE
One Penn Center
1617 JFK Boulevard
Suite 520
PHILADELPHIA, PENNSYLVANIA 19103

JOHN V. DONNELLY III
SENIOR TRIAL ATTORNEY
(215) 861-9670
Donnellyj@sec.gov

November 14, 2017

**Via ECF**

The Honorable John A. Gibney, Jr.
United States District Court Eastern District of Virginia
Spottswood W. Robinson III and Robert R. Merhige, Jr.
 Federal Courthouse
701 East Broad Street
Richmond, VA 2319

      Re:    *SEC v. Robertson, et al*, No. 3:16-cv-667 (E.D. Va.)

Dear Judge Gibney:

      I am counsel for plaintiff, Securities and Exchange Commission ("Commission") and write on its behalf. On October 3, 2017, counsel for the Commission and counsel for defendant Robertson requested that the Court permit them 30 days to discuss settlement in this matter, before scheduling a conference pursuant to Rule 16 of the Federal Rules of Civil Procedure. (Docket No. 33.) Based on discussions with counsel for Robertson and with defendant Vaughn, who is not represented by counsel, it is unlikely that we will reach an agreement with either individual defendant. The Clerk of Court has entered default against defendant Cavalier Union Investments (Docket No. 34, Oct. 11, 2017), and the Commission will seek entry of a default judgment against Cavalier in due course. Defendant Vaughn is also in default, having failed to answer the Complaint, and the Commission plans to seek entry of default against him if we do not receive a response from him by November 17, 2017. Accordingly, on behalf of Plaintiff, we request that the Court schedule a Rule 16 conference at its convenience.

      At the Rule 16 conference, the Commission intends to ask the Court to issue a phased discovery schedule, pursuant to Federal Rule of Civil Procedure 26, in which written discovery and summary judgment briefing occur first, and depositions are delayed until after the Court has ruled on the dispositive motions. Based on the jury's requisite findings in convicting defendant Robertson of, among other crimes, conspiracy to commit mail and wire fraud, mail fraud, and wire fraud in the parallel case, *U.S. v. Robertson*, 16-cr-00133, and defendant Vaughn's guilty

plea in the parallel case, *U.S. v. Vaughn*, 16-cr-00111, plaintiff believes this matter can be resolved in whole or in part through dispositive motions. Plaintiff believes that a phased discovery schedule will aid the efficient resolution of this matter.

Respectfully submitted,

John V. Donnelly III

cc: Langston McFadden, Esq. (counsel for defendant Robertson)
Allison Shealy, Esq. (counsel for defendant Robertson)
Jay Hambrick, Esq. (U.S. Attorney's Office, Civil Division)
John Bowers, Esq. (counsel for SEC)
Defendant Sherman Carl Vaughn (via U.S. mail)